## PEOPLE v. DUNN

LARCENY—EVIDENCE—SUFFICIENCY.

Upon a prosecution for the larceny of a buggy, it appeared that H. hired the buggy from a liveryman, and took respondent driving; that H. became intoxicated, and was arrested; and that respondent thereupon drove to a neighboring city with the buggy, and traded it off. Respondent claimed to be a *bona fide* purchaser for value from H., but there was evidence of admissions made by him subsequent to the arrest, tending to show that he knew where and how H. had obtained the buggy, and that they had intended to trade it off. *Held*, that a conviction was justified.

Error to Saginaw; Wilber, J. Submitted June 17, 1897. Decided September 14, 1897.

William Dunn was convicted of larceny, and sentenced to imprisonment in the state prison at Jackson for five years. Affirmed.

*Emory Townsend*, for appellant.

*Fred L. Eaton, Jr.*, Prosecuting Attorney (*R. L. Crane*, of counsel), for the people.

LONG, C. J. The respondent was informed against jointly with one Humes in the Saginaw circuit for the larceny of a buggy valued at $40. On a separate trial before a jury he was convicted of the offense.

It appears that Humes, on September 15, 1895, rented a buggy from one George W. Hill, a liveryman at Saginaw, for the afternoon of that day. He and respondent drove around that city for a time that afternoon, when Humes became intoxicated, was arrested, and taken to jail. Respondent then drove with the buggy to Bay City, where he traded it off for another. The defense interposed was that respondent had nothing to do with the

renting of the buggy from Hill, but, after it was rented, he purchased it from Humes, paying $7.50; that he acted in good faith in selling it, believing that Humes had a right to sell it to him.    These questions were left to the jury by the trial court, as follows:

"His claim is that he bought this buggy for $7.50; that he bought it of Humes; that, after he had purchased it, he, with this woman who has been a witness here, after driving about town for awhile, drove to Bay City, and did not come back, and he disposed of it.    If you find as a matter of fact that, although he had no right to take it, if he honestly believed that Humes had a right to sell him the buggy, and he did buy it of him, then he would not be guilty of larceny, even if he did take it and Humes had no right to it.    *    *    *    But if he sold it without any color of right, and did not believe that he had any right or authority to do so, then your verdict would be 'Guilty.'"

It is contended by counsel that there is no proof in the case that the respondent was present when the buggy was hired from Hill, that the testimony all tends to show that he bought it from Humes, and that he acted in good faith in selling it at Bay City.    We cannot agree with counsel's contention.    We think there is some testimony, taken in connection with the circumstances surrounding the case, which the jury had a right to consider in determining the guilt or innocence of the respondent.    After his arrest at Bay City, he had a talk with the officer making the arrest, in which he said that, when Humes got the buggy, they (Humes and respondent) figured on trading it for a wagon with some one, but finally Humes got drunk, and was arrested; and that he did not propose to stay around in Saginaw, and drove to Bay City, and traded the buggy off.    He had been told by the officer that Humes had been arrested for the larceny of the buggy, and said, "I might as well tell you the whole thing."    He then stated to the officer how Humes got the buggy, and, after Humes got drunk, where he (respondent) traded it at Bay City.    It is true, there is some testimony tending to show that he paid Humes $7.50 for it;

but the jury had the right to draw their own inferences from the facts and circumstances of the case, and to consider the conduct of the parties, and might rely upon the officer's testimony as to the respondent's confession, rather than upon the testimony of the witness who claimed to have been present when she says the respondent paid the $7.50. The testimony and circumstances tend to show that the respondent knew how Humes became possessed of the buggy, and that he knew it was not his property, but was rented from the livery barn of Mr. Hill. In view of this, we need not discuss the other questions in the case.

The conviction is affirmed.

The other Justices concurred.